Dwight FORSYTHE, AKA Dwight Richard Forsythe, AKA Clifton Lamar Abston, Petitioner,

v.

Jefferson B. SESSIONS III, United States Attorney General, Respondent.

14-4750

United States Court of Appeals, Second Circuit.

December 1, 2017

Appearing for Appellant: David Meir Zionts, Covington and Burling, LLP, Washington, D.C., amicus curiae in support of Petitioner Dwight Forsythe

Appearing for Appellee: Sabatino F. Leo, Office of Immigration Litigation, United States Department of Justice (Sheri R. Glaser, on the brief), for Jefferson B. Sessions III, U.S. Attorney General, Washington, D.C. Benjamin C. Mizer, Anthony P. Nicastro, Office of the Attorney General, Civil Division, Washington, D.C. (on the brief)

Present: ROSEMARY S. POOLER, DEBRA A. LIVINGSTON, Circuit Judges. GEOFFREY W. CRAWFORD,[1] District Judge.

---

4. Given these disputed issues, there was no error in the District Court's denial of Costco's Rule 12(c) motion.

1. Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Petitioner Dwight Forsythe, a native and citizen of Jamaica, seeks review of the December 10, 2014 order of the Board of Immigration Appeals affirming the immigration judge's denial of Forsythe's application for withholding of removal on the basis of asylum and the Convention Against Torture. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Forsythe was removed from the United States on January 26, 2017 and has not been in touch with this Court since that date. His appointed amicus curiae counsel was unable to contact him prior to argument, despite this Court's order that the government provide any additional contact information for Forsythe. We note that removal alone does not inevitably moot a petition for review, so long as the petitioner maintains his interest in proceeding and can demonstrate the existence of a "collateral consequence" to the denial of the underlying petition that would "establish a live case or controversy." *Swaby v. Ashcroft*, 357 F.3d 156, 159-61 (2d Cir. 2004). Forsythe would be subject to a twenty-year bar on reentry under 8 U.S.C. 1182(a)(9)(A)(ii), which establishes a cognizable collateral consequence for the purposes of jurisdiction.

We prudentially decline to exercise our jurisdiction in this case, however, because of our concern that we may no longer be in a position to offer an effective remedy "in light of the myriad of uncertainties in this case." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005).

Accordingly, the petition for review is hereby DISMISSED WITHOUT PREJUDICE.